UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CHARMANE DEMETRIUS GOINS | ) | |
| | ) | |
| v. | ) | 1:06-cv-113/1:96-cr-99 |
| | ) | *Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Petitioner Charmane Demetrius Goins ("Goins") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Court File No. 1). After entering a guilty plea in his criminal case, Goins received a 70 month sentence of imprisonment. Goins alleges the Court failed to clarify whether his federal sentence was to run concurrent with or consecutive to his anticipated state sentence.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Goins was sentenced to a term of imprisonment for 70 months on June 27, 1997. Goins did not pursue a direct appeal. Goins' judgment was entered on July 1, 1997, and he had ten (10) days, until July 16, 1997,[1] to file a notice of appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, the one-year statute of limitations began to run on July 17, 1997. Consequently, Goins' motion is untimely.

---

[1] Goins' judgment was entered on July 1, 1997. Applying the computation rule in Rule 26(a)(1) of the Federal Rules of Appellate Procedure, the day of the act is excluded, thus, Goins 10-day period began on July 2, 1997. In addition, under Rule 26(a)(2) of the Federal Rules of Appellate Procedure, intermediate Saturdays, Sundays, and legal holidays are excluded when the period is less than eleven days. Therefore, excluding the legal holiday (July 4, 1997) and the intermediate Saturdays and Sundays, Goins had until July 16, 1997, to timely file a notice of appeal.

Goins had one year from the time his judgment of conviction became final to file his § 2255 motion. July 16, 1997, was the date Goins' right to file an appeal expired. Thus, Goins was required to file his § 2255 motion by July 16, 1998. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule (C) FED. R. APP. PROC. The motion reveals Goins gave the motion to the prison authorities for mailing on May 4, 2006, more than seven years after the expiration of the one-year statute of limitation for filing his § 2255 motion. Therefore, Goins' motion is treated as filed on May 4, 2006. Consequently, Goins' § 2255 motion is time-barred by the statute of limitations and will be **DISMISSED** (Court File No. 1).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**